## UNITED STATES v. WOLTERS et al.

### (Circuit Court, S. D. California. September 5, 1892.)

1. CLERKS OF COURT—FEES IN REVENUE CASES—HOW PAID.
   The "receiving, keeping, and paying out" of money by the clerk under an execution issued on a judgment in an action under the internal revenue laws, for which Rev. St. § 828, allows the clerk 1 per centum commission, (2 in California, by section 840,) is a service rendered the government, for which the government is liable; and such commissions are to be paid, under section 3216, through the collector of internal revenue, into the treasury, as are the clerk's fees, that are taxed and included in the judgment and collected from the defendant. *U. S. v. Cigars, etc.*, 2 Fed. Rep. 494, disapproved.

2. SAME.
   Rev. St. §§ 839, 842, 844, 857, providing for the retention of fees by clerks and other officers until the maximum of their compensation is reached, apply to fees other than those for which the government is responsible, and which are to be paid out of the treasury under the provisions of section 856.

3. SAME.
   Services rendered the government by the clerk or other officer of the court in suits by it, for which the law fixes certain fees, render the government liable therefor, whether it succeeds in collecting its legitimate costs from the defendant or not.

At Law. Action by the United States against Henry Wolters and others. Heard on the application of the clerk of the court for the distribution money paid into the registry of the court in satisfaction of a judgment in favor of the government.

*M. T. Allen*, U. S. Atty.

Ross, District Judge. In this action, which arose under the internal revenue laws of the United States, a judgment was recovered on the 19th

of December, 1891, by the United States for the sum of $15,893.50, including taxed costs, among which were clerk's fees amounting to $77.40. Execution was thereafter issued upon the judgment, under and pursuant to which the marshal collected, and, on the 19th of August, 1892, paid to the clerk of the court, in satisfaction of the judgment, the following amounts:

| | |
|---|---:|
| Amount of judgment, including taxed costs, - - - | $15,893 50 |
| Amount of interest from December 19, 1891, to February 12, 1892, being the date of the collection by the marshal of $2,063.02, at 7 per cent., - - - - - - | 166 87 |
| Amount of interest on $13,897.35, being the balance unpaid on February 12, 1892, at 7 per cent., - - - - | 505 32 |
| Costs of writ and costs accrued since judgment, • • | 8 80 |
| Clerk's commissions, - • - • • • | 331 70 |
| Total, - - • • • • • | $16,906 19 |

The clerk deposited the full sum so received by him in the registry of the court, and now asks that the proper order for its distribution be made. It is contended on his behalf that the $331.70 paid by the defendants in the action as clerk's commissions should not be paid to the collector of the district, but to the clerk directly; and that is the question for decision

It is quite clear that the fees allowed by law to the clerk and other officers, except those which are directed to be paid out of the treasury, are to be retained by the officers, when received, up to the limit fixed as the maximum of their compensation. Rev. St. §§ 839, 842, 857, 844. By the last section cited it is provided—

"That every district attorney, clerk, and marshal shall, at the time of making his half-yearly return to the attorney general, pay into the treasury * * * any surplus of the fees and emoluments of his office which said return shows to exist over and above the compensation and allowances authorized by law to be retained by him."

Section 856 of the Revised Statutes provides that "the fees of district attorneys, clerks, and marshals, * * * in cases where the United States are liable to pay the same, shall be paid on settling their accounts at the treasury;" and by section 3216 of the same statutes, it is declared that "all judgments and moneys recovered or received for taxes, costs, forfeitures, and penalties shall be paid to collectors as internal taxes are required to be paid." It is to be observed, with respect to sections 839, 842, 844, and 857, *supra*, that the fees the officers named are allowed to retain until the maximum of their compensation is reached are fees other than those for which the United States are liable, and which, consequently, are to be paid out of the treasury. The commissions in question were allowed to the clerk by virtue of sections 828 and 840 of the Revised Statutes, fixing the fees to which the clerk is entitled. Under and by virtue of those provisions of law, there were taxed and included in the judgment in this case clerk's fees for services rendered the plaintiff in the action, amounting to $77.40. For those services the government, at whose instance and for whose benefit they were rendered, was

undoubtedly liable at the rates fixed by the statute. In addition to the costs thus incurred, which the plaintiff, as the successful party, was entitled to recover from the defendants, and which were susceptible of taxation because ascertainable, section 828 allows the clerk, "for receiving, keeping, and paying out money, in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid out." In California this per centum is, by section 840, declared to be 2. Section 825 of the same statutes enacts that—

"There shall be taxed and paid to every district attorney two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws, and conducted by him, in which the United States is a party, which shall be in lieu of all costs and fees in such proceeding."

And, in respect to this section, the supreme court said, in the case of *King* v. *U. S.*, 99 U. S. 234:

"The section was no doubt intended to establish a rule of compensation as between the government and its attorney, by which, when he has been successful, he gets a commission of two per cent. for collection, but leaves him his ordinary statutory fee [of $20, allowed by section 824 of the Revised Statutes] where nothing is realized."

This would seem to indicate, not only that the government is liable for the 2 per centum thus allowed to the district attorney, but also that the defendant is not liable therefor; for it can hardly be that the defendant, in the event the government is successful in the suit, can be twice liable for the same service of the district attorney; that is to say, for a docket fee taxed and included in the judgment, and also for 2 per centum upon the amount collected and paid in upon the judgment. The "receiving, keeping, and paying out" of the money received by the clerk under the execution in question was for the government, not for the defendants; for which the statute referred to declares the clerk shall be entitled to 2 per centum of the amount so received, kept, and paid out. Conceding that this commission was properly collected from the defendants as accruing costs, it is difficult to see why it is not as much required to be paid through the collector into the treasury, to be there disbursed, as the clerk's costs, that are taxed and included in the judgment, and collected from the defendants. It is not here contended but that those costs should be paid to the collector, and by him into the treasury, to be paid to the clerk upon the settlement of his accounts, pursuant to the provisions of section 856 of the Revised Statutes. Services rendered the government by the clerk or other officer, for which the law declares the officer is entitled to certain fees, necessarily renders the government liable therefor. If it is successful in the litigation, and succeeds in collecting its legitimate costs from its antagonist, it is reimbursed, but is none the less liable to the officer rendering it the service.

I am not unmindful of the fact that the learned circuit and district judges for the eastern district of Pennsylvania in the case of *U. S.* v. *Cigars, etc.*, 2 Fed. Rep. 494, took a different view of the question.

After referring to sections 823, 828, 839, 842, 844, and 856 of the Revised Statutes, it is there said:

"The act of July 13, 1866, (Rev. St. § 3216,) which provides 'that all judgments and moneys recovered or received for taxes, costs, forfeitures, and penalties shall be paid to collectors as internal taxes are required to be paid,' effects no change in the existing law, except to require the costs, which belong to the government, to be paid into a different department in internal revenue cases. These costs consist in expenditures made by it during the progress of suits, and taxed to and recovered from defendants on its account, and this, manifestly, was its only purpose. It does not require the officers' fees to be thus paid over, and no proper object is discoverable for such a requirement. The fees belong to the officers, as the emoluments of their offices."

The taxed costs include not only expenditures made by the government during the progress of the suit, such as the payment of witnesses, etc., but the legal fees of the clerk and other officers for services rendered at the instance and for the benefit of the government, for the payment of which the latter is therefore necessarily liable. Such fees of the clerk in the case now before the court amounted to $77.40, and were taxed and included in the judgment and recovered from the defendants, and it is not suggested in the present case that they are not properly payable into the treasury through the collector. I can see no justification for the collection from the defendants of the commissions allowed by law to the clerk and other officers, except upon the ground that they are a part of the costs to which the government was necessarily and legally subjected by reason of the suit, and recoverable as accruing costs, because not ascertainable before payment of or on account of the judgment. If so, they are as clearly embraced by the word "costs" in section 3216 of the Revised Statutes as the taxed costs. Nor do the fees or commissions of the officers belong to them without qualification. To the limit of the maximum of their compensation they do, but, when that limit is exceeded, both fees and commissions belong to the government. The government, therefore, has a contingent interest in all fees and commissions allowed and received by the clerk and other officers referred to, and, when such fees or commissions are allowed for services rendered the government, it would seem that the government must be liable therefor. In my opinion, the entire fund in question should be paid to the collector of internal revenue for this district, and an order to that effect will be entered.